J-S46043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN J. FRANK | : | |
| | : | |
| Appellant | : | No. 715 WDA 2023 |

Appeal from the PCRA Order Entered June 6, 2023
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000392-2018

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: MAY 8, 2024**

John J. Frank ("Frank") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, the Commonwealth has filed an application to quash the appeal. We deny the Commonwealth's application and affirm the dismissal order.

The PCRA court set forth the factual and procedural history, which we reproduce in relevant part as follows:

[I]n October [] 2017, Officer Joshua Wetter [("Officer Wetter")] of the New Brighton Police filed a criminal complaint against [Frank] alleging the following offenses: burglary . . .; criminal trespass . . .; receiving stolen property . . .; and theft . . ..

The [criminal complaint alleged] that . . . Officer Wetter was dispatched to [a residence on] 51st Street, New Brighton, Pennsylvania, for a report of burglary. An elderly woman named J[.] Foster [("Foster")] lived at the address. Foster had hired

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[Frank] and a thirteen-year-old juvenile to seal her driveway for $100. In the course of the job, [Frank] entered Foster's residence, removed a safe from beneath her bed, and placed it in his trunk.

At his preliminary hearing [in] March [] 2018, [Frank, who was represented by counsel,] signed a Waiver of Preliminary [H]earing [form that informed him that his presence was required at trial and his absence "may be deemed a waiver of [his] right to be present[,] and the. . . trial may be conducted in [his] absence"]. . ..

\* \* \* \*

[I]n . . . April [] 2018, [Frank] and trial counsel . . . signed a written waiver of arraignment. . . . In paragraph 5 of the Waiver of Arraignment, Defendant stated, "I understand that if I fail to appear without cause at any proceeding for which my presence is required, including trial, my absence may be deemed a waiver of the right to be present, and the proceeding, including trial, may be conducted in my absence." . . ..

[At a subsequent status conference, and p]rior to his case being called, the [Commonwealth] provided [Frank's] counsel with a motion to revoke his bail bond based on his undisclosed criminal history. [*Frank] left the courtroom before his status conference and a bench warrant was issued for his arrest.* He then failed to appear for [two] judicial pretrial conference[s i]n June [] 2018 . . ..

[I]n July [] 2018, the Commonwealth filed a motion to try [Frank] *in absentia.* The same day, [Frank] filed an omnibus pretrial motion . . . . [The trial court disposed of the motions and the matter was set for trial.]

\* \* \* \*

Before trial began [i]n July [] 2018, the Commonwealth presented evidence of its extensive efforts to locate [Frank]. Up to this point—and on the eve of trial—[Frank] remained absent despite receiving notice to appear. The [trial] court then proceeded to a trial in his absence. All throughout the proceedings[, Frank] failed to appear, and the court was advised throughout the trial that he did not have contact with his attorney.

[Following trial *in absentia*, Frank] was found guilty of one count each of burglary, criminal trespass, receiving stolen property, and theft. The [trial] court then entered an order scheduling a sentencing hearing [i]n August [] 2018. . ..

At the sentencing hearing[,] counsel for [Frank] and the Commonwealth appeared, but [Frank] remained absent. The Commonwealth presented additional evidence showing [Frank] was absent without cause and could not be found. . . .. [Based on prior convictions, the trial court sentenced Frank to] a mandatory term of imprisonment of ten to twenty years.

[I]n September [] 2018, [Frank] filed a series of post-sentence motions . . .. The court entered an order two days later denying the motions because they lacked merit and [because Frank] had forfeited his post-sentence rights due to his ongoing fugitive status. [That same month, Frank] filed a [timely] notice of appeal to Superior Court.

. . . In October 2018, the Commonwealth filed a motion to quash [the appeal] on [the] grounds [that Frank] had failed to appear before expiration of the 30-day appeal period. On February 4, 2019, the Superior Court entered a *per curi[a]m* order quashing [Frank's] appeal.

After his appeal became final, [Frank] remained a fugitive. [I]n June [] 2020, he was picked up in Texas pursuant to the court's warrant. He then posted bond there and, again, failed to appear. [I]n September [] 2022, [Frank] was picked up in the state of Indiana and no bond was posted. [Frank] waived his right to an extradition hearing and was transported back to Beaver County to address the warrant and effectuate the sentence of August 22, 2018. [I]n September [] 2022, the court held a bench warrant hearing at which [Frank] was represented by the Public Defender's Office.

[I]n September [] 2022, more than four years since [Frank] was sentenced, [his attorney, first PCRA counsel,] filed a "Motion to Reconsider, Set Aside Trial/Sentence & PCRA Relief." . . . After review of [Frank's] motion, the court . . . determined that the only matter before the . . . court was to vacate the bench warrant and direct that [Frank] be transferred to state prison to effectuate the sentence entered two years prior.

- 3 -

[I]n October [] 2022, the court entered an opinion [and order] denying [Frank's] motion for reconsideration. The court . . . held[, *inter alia*,] that since [Frank] filed his [PCRA] petition well outside the one-year timeframe as provided by statute, the court lacked jurisdiction to address the merits.

On November 10, 2022, the court discovered a notice of appeal posted to the court's docket. . ..

* * * *

On November 30, 2022, [first PCRA counsel] filed a praecipe to discontinue the appeal.

On March 8, 2023, [Frank] filed a *pro se* [PCRA] petition . . .. On March 8, the court appointed [second PCRA counsel] to represent [Frank] in his postconviction proceeding. [Second PCRA c]ounsel was granted 42 days to review and amend [Frank's] *pro se* petition, if necessary. Counsel filed a petition requesting to withdraw with a no-merit letter attached on May 2, 2023. The court granted [the petition] to withdraw on May 17, 2023. On that date, the court entered an order and notice of intent, indicating the court's intention to dismiss [Frank's] PCRA Petition without [a] hearing. On June 6, 2023, the court issued an order dismissing [Frank's] PCRA Petition without [a] hearing, and notifying [Frank] of his right to appeal the court's decision.

* * * *

[Frank] filed a [timely] Notice of Appeal . . ..

PCRA Court Opinion, 7/20/23, at 2-8 (footnotes and unnecessary capitalization omitted; emphasis added). Both the PCRA court and Frank complied with Pa.R.A.P. 1925.[2]

Frank raises the following issue for our review:

_____

[2] While the PCRA court did not order Frank to file a Rule 1925(b) statement, Frank nevertheless filed one, and the PCRA court filed a Rule 1925(a) opinion. *See* PCRA Court Opinion, 7/20/23, at 8 n.5.

- 4 -

Whether the trial *in absentia* violated procedural due process of law whereas the alleged victim refused to file criminal charges, refused to attend any judicial proceedings, and refused to file a criminal complaint?

Frank's Brief at 3 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

We must initially determine whether the PCRA court had jurisdiction over Frank's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[3] The PCRA's timeliness

---

[3] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and
*(Footnote Continued Next Page)*

- 5 -

requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010); **see also Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. Super. 2022). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. **See Commonwealth v. Kennedy**, 266 A.3d 1128, 1135 (Pa. Super. 2021). Section 9545(b)(1)(ii) also provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).[4] Due diligence "demands that the petitioner take reasonable

_____

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

[4] The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. **See Commonwealth v. Lopez**, 249 A.3d 993, 1000 (Pa. 2021).

steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted). To invoke the PCRA court's jurisdiction pursuant to section 9545(b)(1)(iii), a petitioner must plead and prove that our High Court has already held that an asserted constitutional right is both new and has retroactive applicability. ***See Commonwealth v. Leggett***, 16 A.3d 1144, 1147 (Pa. Super. 2011); 42 Pa.C.S.A. § 9545(b)(1)(iii).

Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); ***see also Commonwealth v. Williamson***, 21 A.3d 236, 242 (Pa. Super. 2011). The jurisdictional time-bar extends to constitutional claims. ***See Commonwealth v. Wharton***, 886 A.2d 1120, 1126-27 (Pa. 2005). Lastly, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return; if the time for filing has elapsed, he may not file; if it has not, he may. ***See Commonwealth v. Wilson***, 273 A.3d 13, 17 (Pa. Super. 2022), *appeal denied*, 285 A.3d 324 (Pa. 2022).

Here, this Court quashed Frank's direct appeal on February 4, 2019. ***See*** Order, No. 1353 WDA 2018, 2/4/19. Frank did not petition our Supreme Court for allowance of appeal. Accordingly, his judgment of sentence became

final thirty days later, *i.e.*, on March 6, 2019. *See* 42 Pa.C.S.A. 9545(b)(3) (stating that a judgment of sentence becomes final, *inter alia*, following the expiration of the time for seeking direct review); *see also* Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken); *Commonwealth v. Doty*, 48 A.3d 451, 455-56 (Pa. Super. 2012) (holding that a defendant has thirty days, following quashal of his direct appeal, to petition for allowance of appeal to our Supreme Court, and that following the expiration of that thirty-day appeal period, the defendant has one year to file a timely PCRA petition). Thus, Frank had until March 6, 2020 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, Frank's present PCRA petition, filed on March 8, 2023, is facially untimely.

The PCRA court determined, *inter alia*, that Frank's PCRA petition was untimely filed, and the court noted Frank did not plead an exception to the jurisdictional time-bar. *See* PCRA Court Opinion, 7/20/23, at 16. The PCRA court concluded that because Frank raised no exceptions to the PCRA's timeliness requirements in his untimely PCRA petition, the court was without jurisdiction to consider the merits of his petition. *See id*.

Following our review, we conclude that the PCRA court's order is supported by the record and free of legal error. Frank has failed to show, both below and now on appeal, that an exception to the PCRA's timeliness requirement applies. *See* PCRA Pet., 3/8/23, at 3 (failing to assert an

exception to the PCRA's timeliness requirement); *see also* Frank's Brief at 4-7 (arguing the merits of his petition, but asserting no exceptions to the PCRA's jurisdictional time-bar).  Thus, he has failed to meet his burden of persuading this Court that the PCRA court erred in dismissing his *pro se* petition.  *See Wholaver*, 177 A.3d at 144–45.  Therefore, the PCRA court lacked jurisdiction to entertain his PCRA petition, and Frank is due no relief.[5]  *See Albrecht*, 994 A.2d at 1093; *Wilson*, 273 A.3d at 17.[6]

Order affirmed.  Application denied.

---

[5] In any event, even if the PCRA court had jurisdiction over Frank's petition, he has forfeited his asserted issue, since he could have raised it on direct appeal, and we "refuse to permit [a defendant] to resurrect issues that were raised, or which could have been raised and would have been addressed, on direct appeal, had [the defendant] demonstrated some kind of respect for the legal process." *Doty*, 48 A.3d at 457.  *Accord* PCRA Court Opinion, 7/20/23, at 12.

[6] The Commonwealth has filed an application to quash Frank's appeal based on Pa.R.A.P. 1972(a)(6) which provides that the Commonwealth may move to quash "because the appellant is a fugitive."  *See* Application to Quash, 9/26/23, at 3-4.  However, Frank is not presently a fugitive, and he filed a timely appeal from the order dismissing his PCRA petition.  Accordingly, we decline to quash the appeal.  *See Commonwealth v. Judge*, 797 A.2d 250, 258 (Pa. 2002) (noting that "[f]light does not act as a complete forfeiture of appellate rights[.  A] fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if [the] time for filing has elapsed he may not file; if it has not, he may") (internal citation and quotations omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>5/8/2024</u>